UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTOS GUEVARA,

        Plaintiff,

vs.                        Case No. 2:06-cv-511-FtM-29SPC

SHUTTER-MAN STORM AND SECURITY, INC.; KIRK BARNICLE,

        Defendants.
_____

**ORDER**

     This matter comes before the Court on plaintiff's Motion for Default Final Judgment (Doc. #16), filed on December 18, 2006. No response has been filed and the Court finds that an evidentiary hearing is not required in this case.

**I.**

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[1]

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to
                                (continued...)

The Complaint (Doc. #1) alleges, that on or about February 2006 through the present, plaintiff was an employee within the meaning of the Fair Labor Standards Act and functioned as a manager for the storm shutter installation company, defendant Shutter-Man Storm and Security, Inc. (Shutter-Man). Plaintiff alleges that defendant Shutter-Man was owned, managed, and operated by defendant Kirk Barnicle, who supervised plaintiff, at all times relevant. As a manager, plaintiff was hired with an expected salary of $1,500.00 per week. As a manager, plaintiff worked in excess of 40 hours a week but was not paid overtime at the statutory rate of time and one-half. Plaintiff seeks overtime compensation, damages, and reasonable attorneys' fees and costs incurred in bringing suit. After service of process and finding no appearance, plaintiff sought a default against defendants. A Clerk's Entry of Default (Doc. #12) was entered as to Kirk Barnicle on November 13, 2006, and a Clerk's Entry of Default (Doc. #15) was entered as to defendant Shutter-Man on November 30, 2006.

**II.**

No employer can employ any employee, "engaged in commerce or in the production of goods for commerce," for a workweek longer than 40 hours unless overtime compensation is paid at a rate of not less than one and one-half times the regular rate. 29 U.S.C. §207(a)(1). Certain exemptions exist such that Section 207 will

---

[1](...continued)
the close of business on September 30, 1981.

not apply.  For example, "any employee employed in a bona fide executive, administrative, or professional capacity [ ], or in the capacity of outside salesman. . . ."  29 U.S.C. § 213.  A bona fide executive is an employee:

> (1) Compensated on a salary basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
> (3) Who customarily and regularly directs the work of two or more other employees; and
>
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100.  See also 29 C.F.R. § 541.103(a), *et seq.*

Plaintiff's Complaint seeks overtime compensation for a period of time where he functioned as a manager.  Under 29 C.F.R. § 541.2, "[a] job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part."  See also 29 C.F.R. § 541.102 (defining management). Plaintiff provides no description of his role as a manager or whether he would be considered nonexempt for purposes of overtime compensation in his motion or supporting Declaration of Damages

(Doc. #16-2). Additionally, the Complaint does not allege that plaintiff was a qualifying nonexempt employee. Finding the Complaint inadequate as pleaded, the motion for default judgment must be denied.

The Court notes that the Declaration of Damages (Doc. #16-2) includes facts not deemed admitted because they are not alleged in the Complaint and therefore not attributable to defendants in default. Although the Complaint broadly covers "February, 2006 through the present," the Complaint does not mention that plaintiff was a measurer before becoming a manager. Therefore, even if plaintiff were nonexempt as a measurer, the motion would be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for Default Final Judgment (Doc. #16) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of March, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record