UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTOS GUEVARA,

                Plaintiff,

-vs-                                        Case No.   2:06-cv-511-FtM-29SPC

SHUTTER-MAN STORM AND SECURITY,
INC.; KIRK BARNICLE,

                Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

       This matter comes before the Court on the Defendants Shutter-Man Storm and Security, Inc. and Kirk Barnicle's Motion for Relief from Defaults, Default Judgment, Amended Judgment, and Underlying Orders (Doc. #60) filed on November 9, 2007.  The Plaintiff filed its Response in Opposition (Doc. # 73) on November 29, 2007.  The matter was referred to this Court for a Report and Recommendation (Doc. # 81) on March 12, 2008.   The matter is now ripe for review.

**FACTS**

       On September 26, 2006, the Plaintiff filed a Complaint for damages against the Defendants. On November 7, 2006, the Plaintiff moved for Clerk's Default against the Defendants.  On November 9, 2006, the Court issued an Order (Doc. # 11) granting in part and denying in part the  Plaintiff's Motion for a Clerk's Default.  The Motion was granted as to the Defendant Barnicle, but  denied as to the Defendant Shutter-Man for failure to effect service in compliance with the Federal and Florida Rules of Civil Procedure.  The Plaintiff filed an Amended Affidavit of Service stating that the Defendant Shutter-Man failed to comply with Fla. Stat. § 48.081(3) because Shutter-Man did not

have one or more registered agents available on whom service of process could be made between the hours of 10:00am and 12:00 noon. The Plaintiff renewed its Motion for Clerk's Default which was granted by Court on November 29, 2006.

On December 18, 2006, the Plaintiff made a Motion for Default Judgment (Doc. # 16) against all Defendants. The District Court denied the Motion for Default Judgment (Doc. # 18) on March 5, 2007, holding that the Complaint as drafted did not support the Plaintiff's claim. The Plaintiff filed his Amended Complaint (Doc. # 22), on March 19, 2008, correcting the deficiencies pointed out in the District Court's Order denying the Motion for Default Judgment.

After no response was filed to the Amended Complaint, the Plaintiff again moved for Clerk's Default, which the Court denied (Doc. # 25) for failure to complete service of process on the Defendants. The Plaintiff subsequently filed two (2) return of service notices (Doc. # 26, 27) on May 11, 2007, and then a subsequent amended return of service notice. (Doc. # 28, 29). The Return of Service as to Kirk Barnicle (Doc. # 32) was filed on May 24, 2007. The Return of Service on Shutterman (Doc. # 31) was also filed May 24, 2007. The Return from Shutter-Man clearly states that the complaint and summons was served upon the Defendant Shutter-Man via the President of the Corporation, Kirk Barnicle.

No response was filed by either Barnicle or Shutter-Man. The Plaintiff then moved for Clerk's Default against Shutter-Man which was granted on May 30, 2007. On June 1, 2007, the Plaintiff moved for a default judgment (Doc. # 35) against both Defendants. The District Court granted the Motion for Default Judgment (Doc. # 36) and a Judgment was entered (Doc. # 37) in favor of the Plaintiff on August 10, 2007, and an Amended Judgment (Doc. # 43) was entered on September 18, 2007.

After the Amended Judgment was entered, the Plaintiff moved for a Writ of Garnishment which was granted by the Court (Doc. # 46) on September 21, 2007. On November 9, 2007, the Defendant filed the instant Motion for Relief from Judgment.

## DISCUSSION

The Defendant moves the Court for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4) arguing the judgment is void due to lack of proper service of process. Motions to set aside default judgment under Fed.R.Civ.P. 60(b) are "directed to the sound discretion of the district court." Davies v. MidWestern Corp., 214 F.R.D. 699, 700 (M.D. Fla. 2003) (citing Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir.1984)). The Court may relieve a party from a final judgment if the judgment is "void." Fed.R.Civ.P. 60(b)(4). "[W]here service of process is insufficient, the court has no power to render judgment and the judgment is void." In re Worldwide Web Systems, Inc., 328 F.3d 1291,1299 (11th Cir.2003). However, the Defendant bears the burden of proving that the default judgment is void for lack of proper service of process under Fed. R. Civ. P. 60(b)(4). Davies, 214 F.R.D. at 700.

In this instance, the Plaintiff states the Default Judgment should be vacated because the Plaintiff never properly served the Defendants. The Defendant Kirk Barnicle denies that he was personally served as indicated in the Return of Service (Doc. # 32). Barnicle states he was not at his office at 11:30am. because he had an out of the office meeting at his bank and a noon lunch with a Shutter-Man employee at Fitzgerald's Irish Pub in East Naples. Although, Barnicle does admit that his office at Shutter-Man is geographically located between his bank and Fitzgerald's and is about ten (10) to fifteen (15) minutes each way. However, he says he cannot remember whether or not he went back to his office, but states he believes he did. Barnicle then states he believes he would have been

-3-

angry if he had been served with a summons and would have cancelled his lunch appointment. However, he says he remembers having lunch and what he ordered and where he sat during lunch.

The burden is on the Defendant to produce evidence that he was not properly served. Barnicle's report was less than credible. Id. (citing Fed. R. Civ. P. 60). Barnicle could not recall if he returned to his office, although he admits he may have stopped by between his meeting at the bank and his lunch appointment with an employee. Yet he can recall vivid details about what he had for lunch just after he was allegedly served.

The Plaintiff, on the other hand, filed the return of service signed by the process server, James Johnson, stating that he served Kirk Barnicle at his office location in Naples on May 2, 2007. (Doc. # 30). Johnson has nothing to gain by misleading the Court with his Amended Affidavit of Service. In fact, Johnson would put his job at risk if he was to falsify records to the Court. Barnicle has nothing to lose and everything to gain if the Court were to find that his faulty memory was credible evidence sufficient to award relief form the default judgment. As a result, the Court finds that Barnicle's affidavit was less than credible and he failed to produce any evidence to support his Motion to vacate the Default Judgment.

Similarly, the Defendant Shutter-Man states that it was not served on May 2, 2008, at the same time Barnicle was allegedly served because Barnicle may or may not have been at his office at 11:30am. Again, the Court finds that Johnson's Amended Affidavit of Service on the Defendant Shutter-Man was proper and effectual. Therefore, it is respectfully recommended the Motion for Relief from Defaults and Default Judgments is due to be denied.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Defendants Shutter-Man Storm and Security, Inc. and Kirk Barnicle's Motion for Relief from Defaults, Default Judgment, Amended Judgment, and Underlying Orders (Doc. #60) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this ___13th___ day of May, 2008.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record