UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANTOS GUEVARA,

        Plaintiff,

vs.                                           Case No.  2:06-cv-511-FtM-29SPC

SHUTTER-MAN STORM AND SECURITY, INC.; KIRK BARNICLE,

        Defendants.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #82), filed May 13, 2008, recommending that defendants' Motion for Relief from Defaults, Default Judgment, Amended Judgment, and Underlying Orders (Doc. #60) be denied.  Defendants filed Objections (Doc. #83) on May 23, 2008, and plaintiff filed a Response (Doc. #84) on June 2, 2008.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

**II.**

Defendants seek to vacate the defaults and default judgments pursuant to FED. R. CIV. P. 60(b)(4) on the basis that defendants were never properly served with process.[1] A defaulted defendant can properly challenge service of process. Tyco Fire & Sec., LLC v. Hernandez Alcocer, 218 Fed. Appx. 860, 864 (11th Cir. 2007). Whether to grant a Rule 60(b)(4) motion is within the sound discretion of the court, and the burden of proof rests with defendant. In re Worldwide Web Sys., 328 F.3d 1291, 1298-99 (11th Cir. 2003).

---

[1]"Service of process is a jurisdictional requirement." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court finds that an evidentiary hearing should be conducted.  Conflicting affidavits were the only evidence presented, and the facts and evidence do not point so overwhelmingly in favor of plaintiff that a reasonable people could not arrive at a contrary decision.  While credibility determinations may ultimately undermine the contention, defendant Kirk Barnicle has filed an Affidavit stating in part "I was never personally served, . . ." at the time and date set forth in the affidavit of the process server.  If true, this would render service non-existent, defeat the personal jurisdiction of the court over defendants, and render the judgment void.  Defendant's affidavit is sufficient to require an evidentiary hearing.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation is hereby **accepted** through the second paragraph of page 3 and is otherwise **rejected**. Defendants' Motion for Relief From Defaults, Default Judgment, Amended Judgment, and Underlying Orders (Doc. #60) is **taken under advisement** pending an evidentiary hearing.

2.  The parties shall appear before the undersigned at the U.S. Courthouse & Federal Building on **Wednesday, July 2, 2008, at 1:30 P.M.**, Courtroom A, Sixth Floor, Fort Myers, Florida, for an evidentiary hearing on the motion.

    3.    The stay on the second writ of garnishment (Doc. #72) remains in effect.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of June, 2008.

                                          JOHN E. STEELE
                                          United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record
Unrepresented parties